IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Paige Martineau, | ) | Civil Action No. 3:16-cv-02650-MBS |
|          Plaintiff, | ) | |
| v. | ) | |
| Joel Wier, Diane Wier, and Richard Guest, | ) | OPINION AND ORDER |
|          Defendants. | ) | |

On July 27, 2016, Plaintiff Paige Martineau ("Plaintiff"), proceeding *pro se*, brought the underlying action against Richard Guest, and his sister and brother-in-law Diane and Joel Wier (collectively "Defendants"), alleging claims of: (1) rescission of settlement agreement for fraudulent inducement to enter a settlement; (2) negligence; (3) gross negligence; (4) intentional infliction of emotional distress; (5) negligent supervision; (6) negligent entrustment; (7) assault; and (8) battery. ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. Defendants filed a motion to dismiss on October 10, 2016. ECF No. 21. On October 11, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if she failed to respond properly. ECF No. 22. Plaintiff filed a response on November 17, 2016, to which Defendants filed a reply on December 1, 2016. ECF No. 24, ECF No. 25. Plaintiff filed a sur reply on December 12, 2016, and Defendants filed a response to the sur reply on December 22, 2016. ECF No. 27, ECF No. 28. On January 18,

2017, the Magistrate Judge advised the parties that she was inclined to treat Defendants' motion to dismiss as a summary judgment motion pursuant to Fed. R. Civ. P. 12(d) and provided them the opportunity to supplement the record with additional material pertinent to the motion. ECF No. 29. Plaintiff filed supplemental documentation on June 20, 2017. ECF No. 48. This matter is now before the court on Magistrate Judge's Report and Recommendation ("Report") filed on May 4, 2017, recommending the court grant Defendants' motion for summary judgment. ECF No. 40.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 13, 2009, Richard Guest attacked Plaintiff near Guest's apartment on Devine Street in Columbia, South Carolina. Compl. at ¶¶ 6-7. Plaintiff was visiting her then-boyfriend who resided in the apartment above Guest's apartment. *Id*. at ¶ 7. Joel Wier and Diane Wier owned the apartment where Guest resided at the time of the attack. *Id*. at ¶ 8. Guest was charged with kidnapping and assault and battery with intent to kill in October 2009. *Id*. at ¶ 10. On or about June 20, 2012, Plaintiff learned Guest was incompetent to stand trial and began exploring options for a civil lawsuit against Guest[1] and the Wiers. *Id*. at ¶¶ 14, 16.

As Plaintiff explored her options, she had a telephone conversation with Joel Wier. *Id*. at ¶ 18. Mr. Wier purportedly represented to Plaintiff that neither he nor Diane Wier had "any reason" to know Guest was mentally ill or dangerous. *Id*. at ¶ 19. Plaintiff alleges Mr. Wier stated that the only relationship he and Diane Wier had with Richard Guest was "landlords just like any other landlord." *Id*. at ¶ 21. Although she was represented by counsel, Plaintiff contends

---

[1] The court notes Fed. R. Civ. P. 17(c)(1) provides "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: general guardian; committee; conservator; or like fiduciary." The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c)(2).

the Weirs' representations led her to believe that they "could not be held liable for negligence or negligent entrustment[.]"*Id.* at ¶ 22. Plaintiff states she relied on these representations and signed a Settlement Agreement and Release on October 22, 2012, for potential claims against the Wiers and Guest. *Id.* at ¶ 23, ECF No. 21-1 at 4.

On December 30, 2013, Plaintiff discovered additional documents that indicated the Wiers had significant knowledge of Guest's decades-long history of mental illness and purported dangerousness. *Id.* at ¶ 24-25. Plaintiff claims Diane Wier was a trustee of a "mental health trust" for Guest. *Id.* at ¶ 25. Plaintiff claims the Weirs must have also known of Guest's dangerousness because of "involuntary civil commitments and poems they discovered about bloody stabbings." *Id.* at ¶ 25. Plaintiff alleges Diane Wier allowed Guest to live in an unsupervised apartment building without ensuring that he take medication or undergo treatment. *Id.* at ¶ 26.

Plaintiff filed for Chapter 7 bankruptcy on June 29, 2015, in the Middle District of Pennsylvania. *See In re Paige Jacqueline Martineau*, C/A No. 4:15-bk-02767-JJT ("Bankruptcy Case").[2] On July 26, 2016, Plaintiff filed this lawsuit against Guest and the Weirs. ECF No. 1. Although Plaintiff was aware of facts to support this claim against Defendants in December 2013, she did not list this potential lawsuit in her Bankruptcy Case. ECF No. 21-3 at 8. Plaintiff also did not list this potential lawsuit as non-exempt property before her debts were discharged on October 6, 2015. ECF No. 21-3 at 11, ECF No. 21-4.

On October 10, 2016, Defendants filed a motion to dismiss contending, that Plaintiff lacks standing because the claims are property of the Bankruptcy Case and, alternatively, because the claims are barred by the statute of limitations. ECF No. 21 at 1. In addition,

---

[2] The court takes judicial notice of Plaintiff's Bankruptcy Case. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

3

Defendants contend Plaintiff fails to state a claim for which relief can be granted on the fraud in the inducement, negligent supervision, and negligent entrustment claims because Defendants owe no duties to Plaintiff. ECF No. 21-1 at 11-20. On November 14, 2016, Plaintiff filed a motion in bankruptcy court to reopen the case to administer an omitted asset. ECF No. 25-1, 2. On November 17, 2016, the bankruptcy court granted Plaintiff's motion.[3] Plaintiff attached an amended summary of schedules to her motion. ECF No. 25-2, 2. The amended schedule included a $50,000 unliquidated claim against Defendants. ECF No. 25-2, 5. She also claimed the property as exempt. ECF No. 25-2, 7.

On November 17, 2016, Plaintiff filed her response to Defendants' motion, asserting she obtained standing after amending her Bankruptcy Case schedules to claim an exemption as to the present lawsuit. ECF No. 24 at 25-26. Plaintiff's asserts that "exemption alone is sufficient" if the exemption occurred prior to the expiration of the statute of limitations. ECF No. 42 at 16. However, Plaintiff provides no case law to support this argument. ECF No. 42 at 16. Plaintiff further argues that the fraudulent inducement claim is within the statute of limitations and that Defendants' fraud tolls the remaining claims. ECF No. 24 at 10. To support this statement, Plaintiff argues that, under South Carolina law, boilerplate releases do not bar fraudulent inducement claims. ECF No. 24 at 12.

Defendants filed a reply on December 1, 2016, asserting Plaintiff had not been given permission by the bankruptcy court to exempt this lawsuit at the time she filed the complaint and as a result Plaintiff's claims remain property of the Bankruptcy trustee. ECF No. 25 at 4. Further, Defendants state Plaintiff should be judicially estopped from asserting the present lawsuit. To

---

[3] The bankruptcy court reopened Plaintiff's case and closed the reopened case on February 21, 2017. ECF No. 46-1 at 2.

support this argument, Defendants argue that judicial estoppel applies "when debtors fail to list a lawsuit in his or her bankruptcy schedules and then try to assert their civil claims." ECF No. 25 at 5.

On May 4, 2017, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff lacks standing to maintain this action, or alternatively, the court should exercise its discretion to invoke the doctrine of judicial estoppel. ECF No. 40 at 13.[4] Plaintiff filed objections to the Report and Recommendation on May 22, 2017. ECF No. 42. Defendants filed their reply to Plaintiff's objections on June 5, 2017. ECF No. 46.

On June 20, 2017, Plaintiff filed a Motion for Extension of Time to File Exhibits to Objections that included affidavits from family and friends to support her contention that she suffered from PSTD during 2016. ECF No. 48. Defendants filed a reply on July 5, 2017, contending that Plaintiff's financial and mental health are irrelevant to the Magistrate Judge's findings and conclusions in the Report and Recommendation. This matter is now before the court for review of the Magistrate's Judge Report and Recommendation.

## II.    LEGAL STANDARDS

### A. Summary Judgment

---

[4] In lieu of filing additional materials pertinent to Defendants' motion, Plaintiff filed a Motion to Disqualify Defendants' Counsel and in Response to Text Order on February 2, 2017. ECF No. 37. Plaintiff argues Defendants' counsel, Thornwell F. Sowell, is a necessary and material witness based on representations made during the initial settlement negotiations in 2012. ECF No. 37 at 4. Defendants filed an opposition to Plaintiff's motion to disqualify counsel on February 16, 2017, contending that Sowell is not a necessary witness and was "merely reiterating what his clients told him[.]" ECF No. 38. Plaintiff filed a reply maintaining that the only way to demonstrate the representations made by the Weirs occurred in 2012 is with testimony from Sowell. ECF No. 39 at 1. Accordingly, the Magistrate Judge noted that if her recommendation is accepted, Plaintiff's motion to disqualify Defendants' counsel should be rendered moot. ECF No. 40 at 13.

5

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newsport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

Any inference drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotox Corp. v. Catrett*, 477 U.S. 317-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue of fact.

**A. Magistrate Judge Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1989). The court may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

#### A. Magistrate Judge's Findings in Report and Recommendation

The Magistrate Judge found Plaintiff lacks standing because the trustee had exclusive standing to bring a cause of action belonging to the bankruptcy estate at the time Plaintiff filed her complaint. ECF No. 40 at 5. When Plaintiff filed for bankruptcy, Plaintiff not only created a bankruptcy estate comprised of all her assets and liabilities, she also surrendered the right of control over the estate to the bankruptcy trustee. *Pappacoda v. Palmetto Health*, 2014 WL 4417559, at *1 (D.S.C. Sept. 8, 2014). The Fourth Circuit has declared that "[i]f a cause of action is part of the estate of the bankruptcy [court] then the trustee alone has standing to bring that claim." *National Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).

Furthermore, the Magistrate Judge reasoned that the trustee's exclusive standing extends to all legal claims constituting assets of the estate, including those that were never disclosed to the bankruptcy court. *See Robertson v. Flowers Banking Co. of Lynchburg*, *LLC*, 2012 WL 830097 at *3 (W.D.Va. Mar. 6, 2012), *aff'd* 474 F. App'x 242 (4th Cir. 2012) (per curiam). The Magistrate Judge stated that a debtor like Plaintiff may pursue a claim belonging to the bankruptcy estate only if the trustee abandons it pursuant to 11 U.S.C. § 554(a) or if the bankruptcy court exempts it under the applicable exemption scheme. *See Steyr- Daimler- Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1998) (holding that before a debtor or creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy abandoned the claim).

The Magistrate Judge noted that "although Plaintiff's claims have been exempted from the [b]ankruptcy estate, standing is measured at the time the complaint is filed." ECF No. 40 at 8 (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (finding that standing is established at the pleading stage); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005) ("standing is determined as of the time the action is brought") (citing *Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180 (2000) ("[W]e have an obligation to assure ourselves that [Plaintiff] had Article III standing at the outset of the litigation.")). The Magistrate Judge concluded "[t]he court does not have subject matter jurisdiction if the Plaintiff does not have standing." ECF No. 40 at 8.

The Magistrate Judge maintained that even if Plaintiff has standing, Plaintiff is judicially estopped from pursuing the present action because she is advancing an assertion in this lawsuit that is inconsistent with a position taken during her previous bankruptcy litigation. ECF No. 40 at 13. In analyzing judicial estoppel, the Magistrate Judge relied on the Fourth Circuit four-prong test to determine whether judicial estoppel should apply: (1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact instead of law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped has acted intentionally not inadvertently. *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998). The Magistrate Judge determined that "Plaintiff is advancing an assertion in this lawsuit that is inconsistent with a position taken during previous litigation, that her position is one of fact instead of law, that her prior position was accepted by the court in the first proceeding, and that she acted intentionally not inadvertently." ECF No. 40 at 13.

8

The Plaintiff contested only the fourth element and asserted that her failure to report her potential lawsuit was inadvertent. ECF No. 42 at 9. The Magistrate Judge found, however, that Plaintiff had knowledge of the undisclosed claims against Defendants and had motive to conceal the claims because disclosure would provide her creditors with a potential asset. ECF No. 40 at 11. Specifically, the Magistrate Judge noticed that "even if Plaintiff did not realize the claims (that she discovered in December 2013) were actionable until the summer of 2016[5], she did not seek to amend her bankruptcy case filings until Defendants argued her failure deprived her of standing in this case." ECF No. 40 at 11.

The Magistrate Judge recommended Defendants' motion be granted because (1) Plaintiff lacks standing; and (2) judicial estoppel bars the litigation.

### B. Plaintiff's Objections to the Report and Recommendation

Plaintiff complains that in granting Defendants' motion for summary judgment, the Magistrate Judge (1) failed to consider the lack of notice given to Plaintiff in treating Defendants' motion to dismiss as a motion for summary judgment; (2) erred in concluding Plaintiff lacked standing based on the rationale that standing is determined at the time of pleadings; (3) failed to acknowledge Plaintiff's motion to amend the complaint on November 17, 2016; and (4) erred by relying on the doctrine of judicial estoppel, which should not be utilized in favor of a party with unclean hands. ECF No. 42. Based on the foregoing, Plaintiff asserts the court should deny Defendants' motion for summary judgment.

### C. Lack of Notice

Plaintiff first argues that the district court erred in converting Defendants' motion to

---

[5] The Magistrate Judge noted in a footnote that, "[a]lthough Plaintiff, a licensed lawyer, argues that she did not know her claims were actionable until the summer of 2016, she does not provide any basis for this argument." ECF No. 40 at 10.

dismiss into a summary judgment motion because Plaintiff had not had a reasonable opportunity to conduct discovery. ECF No. 42 at 8. Under Fed. R. Civ. P. 12(d), if a district court considers matters outside of the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." *Logar v. West Virginia Univ. Bd. of Governors*, 493 F. App'x 460, 461 (4th Cir. 2012). Moreover, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file affidavits or pursue reasonable discovery." *Logar*, 493 Fed. App'x at 461.

The Magistrate Judge provided notice to the parties of her intention to convert Defendants' motion and allowed the parties an opportunity to submit any additional information by text order on January 18, 2017. ECF No. 29. Plaintiff responded to the Magistrate Judge's text order by filing a Motion to Disqualify Defendants' Counsel and Response to Text Order on February 2, 2017. ECF No. 37. Within the motion, Plaintiff addressed the conversion of Defendants' motion to dismiss to a motion for summary judgment and the merits of Defendants' motion for summary judgment in the event the court converted all of the issues presented. ECF No. 37 at 2-6. On the basis of Plaintiff's own actions – addressing the substance of Defendants' motion for summary judgment and the filing of an unsworn declaration–Plaintiff had actual notice that the motion could be disposed of as one for summary judgment.

The court finds Plaintiff received ample notice, had time to submit evidence, and demonstrated awareness that Defendants' motion was converted to a motion for summary judgment.

**D. Lack of Standing**

Plaintiff submits that the Magistrate Judge did not follow the proper factual and legal analysis in evaluating Plaintiff's standing. ECF No. 42. Plaintiff argues standing was obtained when she exempted her claims from bankruptcy in November 2016. ECF No. 42. Plaintiff maintains that, to obtain standing, "exemption alone is sufficient." ECF No. 42 at 16.

Plaintiff filed her complaint on July 27, 2016. ECF. No. 1. Plaintiff then moved the bankruptcy court to exempt the present action in November 2016. ECF No. 25-2 at 6. There was no judicial determination that the bankruptcy trustee abandoned or exempted Plaintiff's claims until February 21, 2017. ECF No. 46-1 at 2. As a result, Plaintiff's claims belonged to the Bankruptcy trustee until February 21, 2017. ECF No. 46-1 at 2. Therefore, as properly stated in the Report and Recommendation, the bankruptcy trustee alone had exclusive standing to pursue this action at the time Plaintiff filed her complaint. Plaintiff's objections are without merit.

**E. Motion to Amend Complaint**

Plaintiff next argues that the Magistrate Judge failed to acknowledge or address Plaintiff's motion to amend the pleadings. ECF No. 42 at 16. Plaintiff argues she moved to amend the complaint through her response to Defendants' motion to dismiss on November 17, 2016. ECF No. 42 at 16. Plaintiff requested that the court deny Defendant's motion to dismiss, or in the alternative, grant her leave to amend the Complaint. ECF No. 24 at 26. Plaintiff argues that she should be able to amend her complaint to cure the lack of standing and toll the statute of limitations. ECF No. 42 at 16.

In considering motions to amend the pleadings, Plaintiff has only a limited time to amend her complaint as a matter of course, after that, she may amend her complaint only with leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Plaintiff delayed seeking to amend her complaint beyond

twenty-one (21) days after the filing of Defendants' motion to dismiss. Therefore, she has forfeited her right to amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B).

However, Federal Rules of Civil Procedure 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading with only the opposing party's written consent or the court's leave." *Id*. Leave should be freely given when justice so requires. *Id*. "This is so because of the federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Logar v. West Virginia Univ. Bd. of Governors*, 493 F. App'x 460, 462 (4th Cir. 2012). The courts have "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id*.

In reviewing the record, the court finds that Plaintiff's motion to amend the complaint would have been futile. The futility analysis under Rule 15(a)(2) requires an initial assessment of the allegations of the proposed amendment in light of the substantive law on which the claim is based. *Bartley v. Wells Fargo Bank, NA*, C/A No. 3:14-3814, 2015 WL 5158708 *4 (D.S.C. Sept. 2, 2015) (citing *Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004)). "Futility is apparent if the proposed amended pleading fails to state a claim under the applicable rules and accompanying standards . . . ." *Id.* (citing *Katyle v. Penn National Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)).

Plaintiff did not provide a proposed amended complaint. Nor did she provide any substantive support describing how an amendment would cure the deficiencies raised by the Defendants with respect to standing. The court concludes that, at the time Plaintiff purportedly moved to amend the complaint on November 17, 2016, Plaintiff's claims belonged to the bankruptcy estate and did so until February 21, 2017. Accordingly, the court finds that an

amendment of the complaint would have been futile and denies Plaintiff's motion to amend the pleadings.

**F. Judicial Estoppel**

Plaintiff argues that the Magistrate Judge erred in finding Plaintiff intentionally failed to report the present lawsuit in her Bankruptcy Case and had motive for concealment. Specifically, Plaintiff asserts that although she discovered the alleged fraud in December 2013, she did not know she had a legal claim until the summer of 2016. ECF No. 42 at 10. Plaintiff further argues that the Magistrate Judge applied the wrong standard in determining that "knowledge of the underlying facts" is sufficient for judicial estoppel. ECF No. 42 at 12. In addition, Plaintiff argues she failed to include the present lawsuit in her Bankruptcy Case because she was distraught and suffering recurrence of post-traumatic stress disorder (PSTD). ECF No. 42 at 9. As evidence that Plaintiff did not act intentionally, Plaintiff claims she disclosed the bankruptcy proceeding to Defendants' counsel prior to the filing of the present lawsuit. ECF No. 42 at 15.

The Fourth Circuit has observed that "the meaning of property of estate under the [Bankruptcy] Code has been construed broadly to encompass all kinds of property, including intangibles." *Logan v. JKV Real Estate Servs.*, 414 F.3d 507, 512 (4th Cir. 2005) (quoting *Integrated Solutions, Inc. v. Serv. Support Specialties*, Inc., 124 F.3d 487, 490 (3d Cir. 1997)). The term property of estate has "uniformly been interpreted to include causes of action." "Such causes of action are not limited to active lawsuits; they include EEOC charges and even the underlying facts that might support an employment discrimination claim." *Vanderheyden v. Peninsula Airport Com'n*, 2013 WL 30065 at *8 (E.D. Va. Jan. 2, 2013) (citing *Robertson v. Flowers Banking Co. of Lynchburg, LLC*, 2012 WL 830097 at *3 (W.D. Va. Mar. 6, 2012), aff'd 474 F. App'x 242 (4th Cir. 2012) (per curiam). "[T]he debtor need not know all the facts or even

13

the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Thomas v. Palmetto Mgmt. Servs.*, C/A No. 3:05-17-CMC, 2015 WL 2623917, at *3 (D.S.C. Sept. 11, 2006), aff'd 234 F. App'x 161 (4th Cir. 2007) (per curiam). In December 2013, when Plaintiff became aware of the facts supporting this lawsuit, Plaintiff had enough information of a possible cause of action and was required to disclose those facts to the bankruptcy court. *See Kimberlin v. Dollar General Corp.*, 520 F. App'x 312 (6th Cir. 2013) (concluding the application judicial estoppel barred Plaintiff's claim when Plaintiff failed to notify the bankruptcy court of a potential lawsuit).

The evidence shows that Plaintiff did not lack knowledge of the undisclosed claims and had motive for concealment of the claims. It is undisputed that the potential claims against Defendants were not listed in the appropriate schedule and the creditors were not informed of the potential claims. Plaintiff's argument that she did not know she had a legal claim until after she filed her bankruptcy petition is unpersuasive.

Moreover, Plaintiff had knowledge of the undisclosed claims for nearly five months, between the time she filed the present action on July 26, 2016 until November 15, 2016, when she amended her bankruptcy schedules. The Magistrate Judge noted that Plaintiff did not amend her bankruptcy filings until after Defendants pointed out it was necessary. Therefore, the court concludes that Plaintiff had knowledge of the undisclosed claims.

Further, Plaintiff had motive to conceal her potential claims against Defendants. Plaintiff's motive can be inferred because disclosure of her claims against Defendants denied creditors potential assets. *Calafiore v. Werner Enterprises*, 418 F.Supp.2d, 795, 798 (D. Md. 2006) ("If [her] undisclosed claim would have added assets to the bankruptcy estate . . . [the

debtor] will usually be deemed to have had motive to conceal those claims. Plaintiff's objections are without merit.

## IV. CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and Recommendation and the objections thereto, this Court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this court grants Defendants' Motion for Summary Judgment and finds that Plaintiff lacks standing to maintain this action. ECF No. 21. Plaintiff's motion for extension of time to file exhibits to objections is granted. ECF No. 48. The court has considered Plaintiff's exhibits and finds Plaintiff's supplemental materials do not change the court's decision. Plaintiff's motion to disqualify Defendants' counsel is denied as moot. ECF No. 37.

IT IS SO ORDERED.


Date: September 29, 2017            __s/ Margaret B. Seymour_____
                                                                 The Honorable Margaret B. Seymour
                                                                 Senior United States District Judge